IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRANDYN MILLS,

      Plaintiff,

    v.

WENDY NICHOLAS, *et al.*,

      Defendants.

No. 4:26-CV-00252

(Chief Judge Brann)

**MEMORANDUM OPINION**

**JUNE 15, 2026**

Plaintiff Brandyn Mills lodged a *pro se* Section 1983[1] lawsuit in this Court

in February 2026, alleging constitutional violations at the State Correctional

Institution in Muncy, Pennsylvania (SCI Muncy). Mills claims that prison officials

mishandled deductions from her prisoner trust fund account with respect to a

religious holiday meal purchase. The Court will dismiss with prejudice Mills'

complaint pursuant to 28 U.S.C. § 1915A(b)(1) because she fails to state a claim

upon which relief may be granted.

## I.   BACKGROUND

To initiate this case, Mills filed a document titled "Motion for Injunctive

Relief," which is more akin to a civil rights complaint (and even uses the term

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional
wrongs committed by state officials. The statute is not a source of substantive rights; it serves
as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ.
v. Doe*, 536 U.S. 273, 284-85 (2002).

"complaint" in the first section heading).[2]  The Court liberally construed the filing as a Section 1983 lawsuit seeking injunctive relief and issued its standard Administrative Order, requiring Mills to either submit the full filing fee or move for leave to proceed *in forma pauperis* (IFP).[3]  Mills moved for leave to proceed IFP and eventually paid the initial partial filing fee,[4] rendering her complaint ripe for screening under 28 U.S.C. § 1915A(a).

In her complaint, Mills explains that the Pennsylvania Department of Corrections (DOC) allows religious groups to participate in certain celebratory meals each year.[5]  For Christians, those meals are usually Christmas and Easter.[6] After a celebratory meal menu is selected, a representative for the inmates must contact an outside vendor to prepare and deliver the meals to the prison.[7]  Inmates who desire to participate in the celebratory meal must then fill out cash slips so that the SCI Muncy accounting department can "cut a check to the vendor for the meals."[8]

According to Mills, despite numerous inmates filling out cash slips and each having $20.00 withdrawn from their accounts for the Christmas meal, the chosen

---

2    *See generally* Doc. 1.
3    *See* Doc. 5.
4    *See* Docs. 9, 10; Docket Annotation foll. Doc. 13.
5    Doc. 1 at 2.
6    *Id.*
7    *Id.* at 2-3.
8    *Id.* at 3.

2

vendor for the meal was "refused" by prison officials on December 24, 2025.[9]  The

vendor ("Sy's Palace") agreed to return on January 2, 2026.[10]  The vendor did not

return on January 2, 2026, however, so prison officials posted the address and

telephone number for Sy's Palace and told inmates that they would have to obtain

a refund on their own.[11]

Mills alleges that only one lump-sum check (with no inmate names) was cut

by SCI Muncy to Sy's Palace for the Christmas meal, so when inmates attempted

to get a refund, Sy's Palace had no way of knowing who had paid and was due a

reimbursement.[12]  Mills additionally claims that when inmates' family members

contacted Sy's Palace, the vendor reported only receiving approximately 50

percent of the funds that Mills calculates were collected from participants at SCI

Muncy.[13]  Mills concludes that SCI Muncy officials stole a portion of the funds

that were collected for the 2025 Christmas meal.[14]

Mills does not specify what type of Section 1983 claim or claims she is

raising.  In the "Basis for Jurisdiction" section of her complaint, she states that

there is a federal question because the "discretionary policy" does not comport

"with the U.S. Constitution."[15]  As relief, she requests that the Court order a refund

---

[9]     *Id.*
[10]    *Id.*
[11]    *Id.*
[12]    *Id.* at 4.
[13]    *Id.*
[14]    *Id.*
[15]    *Id.* at 2.

for every inmate who paid $20.00 but did not receive a celebratory meal.[16]  She

further requests that the "FBI/IRS/and the National Guard" investigate the

"fraudulent practices" that are occurring at SCI Muncy.[17]

## II.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se*

prisoner complaints targeting governmental entities, officers, or employees.[18]  One

basis for dismissal at the screening stage is if the complaint "fails to state a claim

upon which relief may be granted[.]"[19]  This language closely tracks Federal Rule

of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to

screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as

they utilize when resolving a motion to dismiss under Rule 12(b)(6).[20]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire

"whether a plaintiff will ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims."[21]  The court must accept as true the factual

allegations in the complaint and draw all reasonable inferences from them in the

---

[16]  *Id.* at 5.
[17]  *Id.* at 4-5.
[18]  *See* 28 U.S.C. § 1915A(a).
[19]  *Id.* § 1915A(b)(1).
[20]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[21]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver,* 82 F.3d 63, 66 (3d Cir. 1996).

light most favorable to the plaintiff.[22]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[23]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[24]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[25]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[26]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[27]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[28]

Because Mills proceeds *pro se*, her pleadings are to be liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent

---

[22]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[23]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[24]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[25]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[26]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[27]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[28]  *Iqbal*, 556 U.S. at 681.

standards than formal pleadings drafted by lawyers[.]"[29]  This is particularly true when the *pro se* litigant, like Mills, is incarcerated.[30]

## III.    DISCUSSION

At the outset, the Court must determine what Section 1983 claim or claims Mills is attempting to raise in her complaint.[31]  In the "Defendants" section of her complaint, she lists—in conclusory fashion—the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments as being implicated by the alleged celebratory meal incident.[32]  Yet it is plainly evident that Mills' allegations do not implicate any of the foregoing amendments except potentially the Fourteenth. Indeed, the only possible constitutional tort claim that Mills could be asserting regarding the loss of her personal property (*i.e.*, $20.00) is a Fourteenth Amendment claim of deprivation of property without due process of law.  Mills, however, fails to state a claim upon which relief may be granted for several reasons.

---

[29]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[30]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[31]  *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); *Graham v. Connor*, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct).
[32]  *See* Doc. 1 at 1.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[33]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[34]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[35]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[36]

Mills' first pleading deficiency is that she does not allege personal involvement in the purported constitutional violation by one of the two Defendants she has named.  Mills sues Superintendent Wendy Nicholas and CCMP Angel Baez-Sprague.[37]  However, as to Superintendent Nicholas, Mills alleges only that

---

[33]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[34]  *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

[35]  *Id.* (quoting *Rode*, 845 F.2d at 1207).

[36]  *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

[37]  Doc. 1 at 1.

7

Nicholas "knowingly or unknowingly, with or without intent, was responsible for the application of a procedure for a religious meal which violated" the constitution.[38]  These vague allegations do not indicate what role, if any, Nicholas played in the celebratory meal incident.  They further indicate that Mills may be attempting to assert vicarious liability (or *respondeat superior*) against Nicholas, which does not apply to Section 1983 claims.

To plausibly plead a Section 1983 claim, Mills must specify each Defendant's personal involvement in the alleged constitutional misconduct in order to state a claim against them.  She does not do so for Superintendent Nicholas.  Accordingly, the Court must dismiss any claims against Nicholas pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B.    Fourteenth Amendment Deprivation of Property Claim

As best as the Court can discern, Mills appears to be raising a Fourteenth Amendment claim of deprivation of property without due process of law.[39]  This constitutional tort, however, has significantly limited application.  Specifically, such a due process claim is unavailable when "adequate state post-deprivation remedies are available."[40]

---

[38]    *Id.*
[39]    *See Hudson v. Palmer*, 468 U.S. 517 530, 533 (1984).
[40]    *Id.* at 533.

Mills' complaint is silent as to whether adequate state post-deprivation remedies exist for the alleged loss of her $20.00 payment for the Christmas celebratory meal.  However, the Court observes that state tort law likely provides a remedy for a claim like Mills is asserting.[41]  The United States Court of Appeals for the Third Circuit has also held that the prison grievance process constitutes an adequate post-deprivation remedy for claims like those asserted here, even if the plaintiff disagrees with the results.[42]  Mills, in fact, avers that she filed a grievance about this issue,[43] thereby availing herself of state post-deprivation remedies. Thus, if Mills is attempting to raise a Fourteenth Amendment deprivation-of-property claim with respect to the celebratory meal incident, that claim fails as a matter of law and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## C.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[44]  The Court will deny leave to amend

---

[41]  *See* 42 PA. CONS. STAT. § 8522(a), (b)(3) (waiving state statutory sovereign immunity for negligent acts related to the "care, custody or control of personal property in the possession or control of Commonwealth parties"); *Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014) (nonprecedential) (noting that district court correctly dismissed Fourteenth Amendment due process property deprivation claim due to existence of state post-deprivation remedies); *see also Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. Ct. 1987) (explaining intentional tort of conversion).

[42]  *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000).

[43]  *See* Doc. 1-1 at 1, 3 (attaching illegible initial grievance); Doc. 7 at 3-4 (Facility Manager's Appeal Response to grievance).

[44]  *Grayson*, 293 F.3d at 114.

9

because granting leave to amend would be futile.[45]  Since adequate post-deprivation remedies exist for Mills' claim (including potential state law tort claims and the DOC's grievance process), she has not and cannot plausibly state a Fourteenth Amendment claim of deprivation of property without due process of law.  Moreover, Mills has not asserted, nor can the Court independently conceive of, a different constitutional tort or other federal claim that Mills could raise with respect to the instant celebratory meal allegations.  Therefore, dismissal with prejudice is required.

The Court is aware that Mills, in later filings, appears to desire to raise multiple other, unrelated claims regarding her conditions of confinement at SCI Muncy.[46]  Those unrelated claims against different defendants cannot be joined in this lawsuit, as such joinder violates Federal Rule of Civil Procedure 20(a)(2). Those disparate claims are plainly not part of the "same transaction, occurrence, or series of transactions or occurrences" as the celebratory meal incident, nor is there a "question of law or fact common to all defendants" such that these claims and diverse defendants could be permissively joined together in a single action.[47]

---

[45]  *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation omitted)); *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").

[46]  *See, e.g.*, Doc. 18 at 7-9 (discussing claim regarding SCI Muncy mail processing); *id.* at 9-15 (discussing claim regarding medical care at SCI Muncy); *id.* at 15-16 (discussing claim regarding SCI Muncy law library).

[47]  *See* FED. R. CIV. P. 20(a)(2)(B).

If Mills desires to press these numerous, unrelated Section 1983 claims involving different constitutional provisions and different defendants that lack a proper basis for joinder in the instant case, she must file separate Section 1983 lawsuits and would have to pay the filing fee for each case (in installments, if necessary). She cannot attempt to circumvent the Prison Litigation Reform Act (PLRA) by filing one lawsuit alleging every perceived wrong by dozens of prison officials at SCI Muncy over the course of several years.[48]

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Mills' complaint pursuant to 28 U.S.C. § 1915A(b)(1), as more fully explained above. The Court will likewise dismiss Mills' pending motion for appointment of counsel and her motion for injunctive relief, as there is no basis in fact or law for the instant lawsuit and thus no likelihood of success on the merits. An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[48]   *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong in different suits" not only to prevent confusion but also to ensure that prisoners pay the required filing fees under the PLRA); *Redding v. Bilinski*, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2 (M.D. Pa. June 12, 2015) (same).